FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 04, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CATHY KROHN, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR and UNITED STATES BUREAU OF RECLAMATION,<br><br>    Defendants. | No. 2:18-CV-00219-SMJ<br><br>**ORDER GRANTING DEFENDANT'S CONSTRUED MOTION FOR SUMMARY JUDGMENT** |

Before the Court, without oral argument, is Defendant's Motion to Dismiss, ECF No. 8. The United States of America moves to dismiss *pro se* Plaintiff Cathy Krohn's complaint against Defendants the U.S. Department of the Interior and the U.S. Bureau of Reclamation.[1]

Krohn sues these federal agencies in tort under 28 U.S.C. §§ 2674 and

---

[1] The Bureau is an agency within the Department, which is an agency of the United States. ECF No. 1 at 1–2. The United States' motion treats itself as the sole defendant. ECF No. 8 at 1. The Court agrees with this approach and refers to Defendants collectively as "the United States."

ORDER GRANTING DEFENDANT'S CONSTRUED MOTION FOR SUMMARY JUDGMENT **-** 1

1346(b)(1), alleging their negligent failure to maintain a boat ramp and give notice of its dangerous condition caused her personal injury. ECF No. 1 at 6–7. The United States argues the Court lacks subject matter jurisdiction over Krohn's complaint and Krohn fails to state a claim upon which the Court can grant relief. ECF No. 8 at 1. Having reviewed the file and relevant legal authorities, the Court construes the United States' motion to dismiss Krohn's complaint as a motion for summary judgment, which the Court grants.

## BACKGROUND

The facts are stated in Krohn's complaint and the United States' motion and attached declarations and exhibits. *See* ECF Nos. 1, 8, 8-1 to -6. Relevant details are stated in the discussion below.

The United States moved to dismiss Krohn's complaint on September 28, 2018. ECF No. 8. Krohn's response was due on October 29, 2018, thirty days after the United States filed its motion. *See* LCivR 7(c)(2)(A). To date, Krohn has not responded to the United States' motion. Such failure "may be deemed consent to the entry of an order adverse to the party." LCivR 7(e). But because Krohn is proceeding *pro se*, the Court considers the merits of the United States' motion to be assured the result is legally sound.

## LEGAL STANDARD

**A.    Federal Rule of Civil Procedure 12(b)(1)**

Under Rule 12(b)(1), the Court must dismiss a claim over which it lacks subject matter jurisdiction. Federal courts have limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court presumes a civil action lies outside its limited jurisdiction and the burden to prove otherwise rests on the party asserting jurisdiction exists. *Id.*

An attack on subject matter jurisdiction may be either facial or factual. *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). Here, the United States mounts a factual attack by filing declarations and exhibits challenging Krohn's allegations. *See id.*; *see also Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (stating a moving party converts a motion to dismiss into a factual motion "by presenting affidavits or other evidence properly brought before the court" (quoting *Safe Air*, 373 F.3d at 1039)).

In response to a factual attack, the plaintiff "must present 'affidavits or any other evidence necessary to satisfy [his or her] burden of establishing that the court, in fact, possesses subject matter jurisdiction.'" *Edison*, 822 F.3d at 517 (quoting *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009)).

Thus, in resolving a factual attack, the Court may look beyond the complaint to the parties' evidence without converting the motion to dismiss into a motion for summary judgment. *Id.* And in evaluating the evidence, the Court need not presume the truthfulness of the plaintiff's allegations but must resolve any factual disputes in his or her favor. *Id.*

However, the Court must treat the motion to dismiss as a motion for summary judgment if "the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." *Id.* (quoting *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 139 (9th Cir. 1983)); *see also id.* at 1040; *Bolton v. Lynch*, 200 F. Supp. 3d 1179, 1183 n.1 (E.D. Wash. 2016). "The question of jurisdiction and the merits of an action are intertwined where 'a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief.'" *Safe Air*, 373 F.3d at 1039 (quoting *Sun Valley*, 711 F.2d at 139). Here, the jurisdictional issue and substantive issues are intertwined because they each hinge on whether the United States is liable under 28 U.S.C. §§ 2674 and 1346(b)(1)—statutes providing the basis for both the Court's subject matter jurisdiction and Krohn's substantive claim for relief. Therefore, the Court treats the United States' motion to dismiss Krohn's complaint as a motion for summary judgment.

**B.     Federal Rule of Civil Procedure 56**

Under Rule 56, a party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Summary judgment is appropriate if the record establishes "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

The moving party has the initial burden of showing that no reasonable trier of fact could find other than for the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party meets its burden, the nonmoving party must point to specific facts establishing a genuine dispute of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

"[A] mere 'scintilla' of evidence will be insufficient to defeat a properly supported motion for summary judgment; instead, the nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'" *Fazio v. City & County of San Francisco*, 125 F.3d 1328, 1331 (9th Cir. 1997) (quoting *Anderson*, 477 U.S. at 249, 252). If the nonmoving party fails to make such a showing for any of the elements essential to its case as to which it would have the burden of proof at trial, the trial court should grant the summary judgment motion.

*Celotex*, 477 U.S. at 322.

The Court must view the facts and draw inferences in the manner most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255; *Chaffin v. United States*, 176 F.3d 1208, 1213 (9th Cir. 1999). And, the Court "must not grant summary judgment based on [its] determination that one set of facts is more believable than another." *Nelson v. City of Davis*, 571 F.3d 924, 929 (9th Cir. 2009).

## DISCUSSION

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature." *Id.*

The Federal Tort Claims Act provides a limited waiver of sovereign immunity, under which the United States is liable in tort "to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674; *see Edison*, 822 F.3d at 517. District courts have exclusive jurisdiction over civil actions against the United States claiming money damages for personal injury caused by federal employees' tortious acts or omissions "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

The United States argues it is immune from liability in this case because, under Washington state's recreational use immunity statute, a private person would

not be liable under similar circumstances. ECF No. 8 at 6. The Court agrees.

Revised Code of Washington ("RCW") section 4.24.210 provides that "private landowners . . . of any lands . . . , who allow members of the public to use them for the purposes of outdoor recreation, which term includes, but is not limited to, . . . boating . . . , without charging a fee of any kind therefor, shall not be liable for unintentional injuries to such users." RCW 4.24.210(1), However, "[n]othing in this section shall prevent the liability of a landowner . . . for injuries sustained to users by reason of a known dangerous artificial latent condition for which warning signs have not been conspicuously posted." RCW 4.24.210(4).

"To qualify for immunity under RCW 4.24.210, the landowner must establish that the land at issue was (1) open to members of the public (2) for recreational purposes and that (3) no fee was charged." *Lockner v. Pierce County*, 415 P.3d 246, 250 (Wash. 2018). However, "RCW 4.24.210 creates an exception where an injured party may overcome immunity by showing either (1) a fee for the use of the land was charged, (2) the injuries were intentionally inflicted or (3) the injuries were sustained by reason of a known dangerous artificial latent condition for which no warning signs were posted." *Id.* at 252 n.3.

Here, the boat ramp was open to the public for recreational purposes. ECF No. 1 at 3–4, ECF No. 8-6 at 2. While the Confederated Tribes of the Colville Reservation allegedly charged some fee, ECF No. 1 at 5, the United States neither

charged a fee for using the land nor received any proceeds of such a fee, ECF No. 8-6 at 2. And Krohn presents no evidence that any fee charged was assessed to the recreating public specifically for using the same land upon which the injury occurred. *See Jones v. United States*, 693 F.2d 1299, 1303–04 & n.17 (9th Cir. 1982); *Camicia v. Howard S. Wright Constr. Co.*, 317 P.3d 987, 992 & n.5 (Wash. 2014); *Hively v. Port of Skamania Cty.*, 372 P.3d 781, 783–84 (Wash. Ct. App. 2016); *Plano v. City of Renton*, 14 P.3d 871, 873–75 (2000). The fact that the United States required boaters to check and clean their equipment, ECF No. 1 at 5–6, cannot substitute for the fee requirement because RCW 4.24.210(1) specifies a "fee" rather than mere consideration, *see generally Howard v. United States*, 181 F.3d 1064, 1068–70 (9th Cir. 1999) (discussing the difference). Additionally, Krohn does not allege her injury was intentionally inflicted. ECF No. 1; ECF No. 8 at 7. And although the dangerous condition was obvious, ECF No. 8-2 at 7; ECF No. 8-4 at 3, a warning sign was also posted, ECF No. 8-4 at 3; ECF No. 8-5.

The United States has established that it is entitled to judgment as a matter of law based on recreational use immunity. Krohn has failed to establish a genuine dispute of material fact for trial. Therefore, the Court grants summary judgment in favor of the United States.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss, **ECF No. 8**, is **CONSTRUED** as a

ORDER GRANTING DEFENDANT'S CONSTRUED MOTION FOR SUMMARY JUDGMENT **-** 8

motion for **SUMMARY JUDGMENT**, which is **GRANTED**.

2. All pending motions are **DENIED AS MOOT**.

3. All hearings and other deadlines are **STRICKEN**.

4. The Clerk's Office is directed to **ENTER JUDGMENT** for Defendants and **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to *pro se* Plaintiff and Defendants' counsel.

**DATED** this 4th day of December 2018.

*[signature]*
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING DEFENDANT'S CONSTRUED MOTION FOR SUMMARY JUDGMENT **-** 9